IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS -
HOUSTON DIVISION

| KATHLEEN MILLER, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:17-cv-01137 |
| Vs. | § | |
| | § | JURY TRIAL DEMANDED |
| RCI MANAGEMENT SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Kathleen Miller ("Plaintiff") files this Original Complaint to recover unpaid overtime wages from RCI Management Services, Inc. ("RCI" or "Defendant"), and shows the Court as follows:

### I. INTRODUCTION

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. Defendant failed to pay Plaintiff at the FLSA's premium overtime rate for each hour worked in excess of 40 per work week. Consequently, Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

3. Plaintiff now brings this action to recover her unpaid wages, liquidated damages, and attorneys' fees, as permitted under the FLSA.

## II. SUBJECT MATTER JURISDICTION & VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Southern District of Texas, Houston Division because a substantial part of the acts and conduct alleged herein occurred in this district and division.

## III. THE PARTIES & PERSONAL JURISDICTION

6. Plaintiff, Kathleen Miller, is an individual residing in Harris County, Texas. Plaintiff's written consent to participate in this lawsuit is attached as "Exhibit 1."

7. Defendant RCI Management Services, Inc. is a domestic for-profit corporation duly licensed to conduct business in Texas. Defendant can be served with process through its registered agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 1000, Houston, Texas 77007.

## IV. FLSA COVERAGE

8. At all material times, Defendant has operated as an enterprise within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

9. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

10. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

11. At all material times, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## V. FACTS

12. Plaintiff was hired by RCI as a legal assistant/paralegal in March 2015. Defendant classified Plaintiff as a W-2 employee. Plaintiff was paid a salary of approximately $60,000 per

year with no additional remunerations for overtime hours worked. Plaintiff's employment was terminated in November 2016, shortly after she raised concerns regarding the authentication and validity of arbitration agreement signatures disseminated by Defendant to its "employees."[1]

13. Plaintiff was primarily responsible for assisting Defendant's General Counsel with legal matters handled by the corporate office, including various aspects of corporate, real estate, criminal, regulatory, and civil litigation matters. Plaintiff was required to provide an attorney with legal assistant/paralegal support which was always subject to an attorney's review and supervision. Plaintiff would also assist outside legal counsel on civil litigation matters.

14. Plaintiff regularly worked more than forty hours per workweek. She averaged forty-five (45) to fifty (50) hours per week, not including time she occasionally worked during weekends or evenings.

15. Regardless, RCI did not pay Plaintiff for the overtime hours that she worked at the federally mandated premium rate of one-and-a-half times the regular rate.

16. No FLSA exemption(s) apply to Plaintiff. First, Plaintiff did not exercise independent judgment or discretion as to matters of significance. As described above, she was required to follow strict company guidelines with little to no independent discretion. Defendant's General Counsel (and its outside legal counsel) dictated what guidelines were to be used by Plaintiff and how she was to administer them. Indeed, had Defendant permitted Plaintiff to exercise independent judgment and discretion as to the administration of its legal matters; Defendant would have, in effect, perpetuated an illegal unlicensed practice of law.

17. From its first private letter ruling in 1977, the United States Department of Labor ("DOL") has consistently maintained that legal assistants are not exempt unless they qualify

---

[1] Defendant operates gentlemen clubs throughout the country under the assumed name "Rick's Cabaret" (as well as other smaller chains). Defendant requires its exotic dancers to sign arbitration agreements with class action waivers. Defendant will allege its exotic dancers are independent contractors- not employees. However, a court in New York held that Defendant misclassified its exotic dancers as independent contractors and they are in fact employees. *See Hart v. Rick's Cabaret Int'l, Inc.*, 09 CIV. 3043 PAE, 2013 WL 4822199 (S.D.N.Y. Sept. 10, 2013), reconsideration denied (Nov. 18, 2013).

under the administrative exemption. The DOL has repeated the same language in letter after letter:

> It is our further position that "legal assistants" and "paralegals" generally are not involved in the performance of duties requiring the exercise of discretion and independent judgment of the type required by section 541.2; they are, instead, involved in the use of skills rather than discretion and independent judgment. In our view, such employees generally are found to be highly trained and highly skilled specialists who, as such, would not qualify for the exemption as defined . . . in Regulations, Part 541.[2]

18. Moreover, Plaintiff did not supervise any of Defendant's employees. As such, she is not exempt under the FLSA's executive exemption.

19. Furthermore, job certifications were not required for the job position Plaintiff held, as such, the learned professional exemption does not apply. Consequently, no FLSA exemption applies to Plaintiff and RCI is in violation of the law.

20. Defendant's illegal pattern and practice with respect to overtime compensation for Plaintiff was in violation of the FLSA. Defendant knew or should have known that its policies and practices violated the FLSA, and Defendant did not make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, and/or with reckless disregard carried out this illegal pattern or practice and misclassified Plaintiff as exempt in an attempt to avoid its duties as an employer under the FLSA.

## VI. OVERTIME VIOLATION

21. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

22. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

23. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are

---

[2] *See* Wage & Hour Op. Letters, Feb. 10, 1978; Aug. 17, 1979; Sept. 27, 1979; April 23, 1984; June 12, 1984; Aug. 18, 1986; April 13, 1995; Nov. 9, 1997; and February 19, 1998. *See also* Wage & Hour Op. Letters, 1998 WL 852667 (Mar. 20, 1998); 1998 WL 852701, 1998 WL 852691 (Feb. 19, 1998).

employed are applicable to the Defendant or the Plaintiff.

## VII. RECORD KEEPING VIOLATION

24. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

25. Defendant failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

26. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a) The time of day and day of week on which the employees' work week begins;

   b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

   c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

   e) The hours worked each workday and total hours worked each workweek;

   f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

   g) The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

   h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

   i) The dates, amounts, and nature of the items which make up the total additions and deductions;

   j) The total wages paid each pay period; and

   k) The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

27. Defendant has not complied with federal law and has failed to maintain such records with respect to the Plaintiff. Because Defendant's records are inaccurate and/or inadequate, Plaintiff can meet her burden under the FLSA by proving that she, in fact, performed work for which she was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## VIII. DAMAGES SOUGHT

28. Plaintiff is entitled to recover her unpaid overtime compensation at the federally mandated premium rate.

29. Plaintiff is entitled to an amount equal to all of her unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

30. Plaintiff is entitled to recover her attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX. JURY DEMAND

31. Plaintiff hereby demands trial by jury.

## X. PRAYER

32. For these reasons, Plaintiff respectfully requests that judgment be entered in her favor awarding her the following relief:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. An equal amount as liquidated damages as allowed under the FLSA;

   c. Reasonable attorneys' fees, costs, and expenses of this action; and

   d. Such other relief to which Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

Shellist | Lazarz | Slobin LLP


By: */s/ Todd Slobin*
    Todd Slobin
    Texas Bar No. 24002953
    tslobin@eeoc.net
    Ricardo J. Prieto
    Texas Bar No. 24062947
    rprieto@eeoc.net
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

    ATTORNEYS FOR PLAINTIFF